UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Debra Hayes, <br><br> Plaintiff, <br> v. <br><br> Primavera Primary Home Care, Inc.; Santa Maria Medical Group, Inc; and La Gloria Health Services, Inc., <br><br> Defendants. | Civil Action No.: 5:16-cv-00575-XR |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

In support of Plaintiff's Motion for Default Judgment, Plaintiff hereby submits this Memorandum of Law. As set forth below, Plaintiff is entitled to an entry of default judgment and an assessment of damages against Defendants.

**BACKGROUND**

On June 21, 2016, Plaintiff filed a Complaint against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). (Doc. No. 1). Thereafter, on July 21, 2016, Defendants were served with the Summons and Complaint by personal service. (Doc. Nos. 11-13). Because Defendants failed to make an appearance or file a responsive pleading, Plaintiff submitted her Motion for Entry of Clerk's Default on September 9, 2016. (Doc. No. 14). On September 9, 2016, the clerk entered a default against each of the Defendants. (Doc. No. 15). This Motion for Default Judgment follows.

**FACTS**

Starting in late 2012, Plaintiff became employed with Defendants to serve a "caregiver" and/or "provider." Plaintiff worked for Defendants for approximately four years. (Compl.¶¶ 6,

8, 12; Hayes Decl. ¶¶ 1-3).  Throughout the course of her employment, Plaintiff earned an hourly wage of $8.00, and did not receive a salary.  (Compl.¶¶ 12; Hayes Decl. ¶¶ 7).[1]

Defendants provided Plaintiff with her schedule.  (Compl.¶ 9; Hayes Decl. ¶ 4).  During the course of her employment, Plaintiff routinely worked more than forty (40) hours per week; she typically worked at least one-hundred (100) hours per two-week pay period.  (Hayes Decl. ¶ 5).  As a caregiver and provider, Plaintiff's duties were not managerial, she did not have authority to hire or fire other employees, and she did not customarily or regularly supervise at least two (2) employees. (Compl.¶ 11; Hayes Decl. ¶ 6).  Rather, Plaintiff spent nearly all of her time performing non-exempt work taking care of her clients' needs, including bathing and dressing clients, preparing food, cleaning, shopping, taking clients to appointments, and assisting with mail and bills.  (Compl.¶ 11; Hayes Decl. ¶ 8).

Defendants knew, or had reason to know, that Plaintiff spent all of her time performing non-exempt work, and Defendants knew or had reason to know that Plaintiff regularly worked more than forty (40) hours per week.  (Compl.¶ 13).  Nevertheless, Plaintiff was not paid time-and-a-half for hours worked in excess of forty (40) per week.  (Compl.¶ 14; Hayes Decl. ¶ 9).  Instead, Plaintiff was paid regular hourly wages for all hours worked. (Compl.¶ 14; Hayes Decl. ¶ 9).

## ARGUMENT

I. **PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT AGAINST DEFENDANTS BECAUSE THEY HAVE FAILED TO PLEAD OR OTHERWISE DEFEND THIS LAWSUIT**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter

---

[1] Hayes Decl. refers to the Declaration of Debra Hayes submitted in support of this Motion.

the party's default." Fed. R. Civ. P. 55(a).  Rule 55(b) of the Federal Rules of Civil Procedure provides that upon application to the Court by the party entitled to a default judgment, the Court may enter a judgment by default against the defaulting party.

The clerk's entry of default causes all well-pleaded factual allegations to be deemed admitted.  *See Eisenhour v. Stafford*, 2013 WL 6212725, at *2 (E.D. Tex. Nov. 26, 2013); *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default.").

In this case, the Court should have no doubt about the propriety of entering a default judgment against the Defendants.  There is no question that Defendants are aware of the pending action, as all Defendants were personally served with a copy of the Summons and Complaint.  (Docs. 1, 5, 9, 10).  Despite the foregoing, Defendants have done nothing to defend their interests in this Court.  Plaintiff's Complaint adequately states claims against Defendants for violations of the FLSA.  Accordingly, the Court should enter default judgment against Defendants and award damages.

## II. THE DEFENDANTS VIOLATED THE FLSA

Under section § 207(a)(1) of the FLSA, "no employer shall employ his employees for a workweek longer than forty hours unless such employee receives compensation for his overtime hours at a rate not less than one and one-half times the regular rate at which he is employed." *Luster v. Desoto Kwik Kar, Inc.*, 2013 WL 6164294, at *2 (N.D. Tex. Nov. 20, 2013) (citing 29 U.S.C. § 207(a)(1)) (internal quotations omitted).

### a. Defendants Are Each An "Employer" Under The FLSA

To be found liable under the FLSA, an entity must meet the law's definition of "employer." In order to determine whether an employer meets the definition of "employer"

under the FLSA, courts have adopted the "economic reality test." *See Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). Under that test, courts must analyze "whether the putative employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* Here, Plaintiff alleges, among other things, that Defendants hired the Plaintiff, set Plaintiff's schedule for her and determine the rate and method under which she was paid. (Compl. ¶ ¶ 9, 12; Hayes Decl. ¶¶ 1, 4, 7). Accordingly, under the economic reality test, the Defendants each meet the definition of an "employer" under the FLSA. *See Williams*, 595 F.3d at 620.

   b. **Defendants Failed to Pay Plaintiff Time and One-Half for Hours Worked in Excess of Forty Per Week**

Plaintiff is owed time and a half for each hour worked in excess of 40 in any given week (1.5 x overtime hours worked x normal hourly rate). Plaintiff attests in her declaration that she was not paid overtime wages for a period of four (4) years in which she was employed by Defendants. (Hayes Decl. ¶ 9). Rather, during the course of her employment, Plaintiff received an hourly rate of $8.00, while routinely working over forty (40) hours per week. Evidence of Plaintiff's unpaid overtime compensation is documented in her paystubs as follows:

| Dates | Paystub # | Total Hours Worked | Unpaid Overtime Hours |
|---|---|---|---|
| 6/1/14 to 6/15/14 | 52805, 52805 | 106 | 26 |
| 6/16/14 to 6/30/14 | 52877, 52878 | 108 | 28 |
| 12/1/14 to 12/15/14 | 53659, 53660 | 108 | 28 |
| 12/16/14 to 12/31/14 | 53728, 53729 | 101 | 21 |
| 1/16/15 to 1/31/15 | 53866, 53867 | 99.50 | 19.50 |
| 3/1/15 to 3/15/15 | 54077, 54078 | 96 | 16 |
| 9/16/15 to 9/30/15 | 55221, 55222 | 120 | 40 |
| 10/1/15 to 10/15/15 | 55316, 55317 | 120 | 40 |
| 12/16/15 to 12/31/15 | 55806, 55807 | 153 | 73 |
| 1/1/16 to 1/15/16 | 55902, 55903 | 142 | 62 |
| 1/26/16 to 1/31/16 | 56000, 58097 | 138.50 | 58.50 |

See Ex. A. As indicated in the chart above, Plaintiff performed four hundred and twelve (412) hours of overtime work for which she was not compensated with time and a half pay. Plaintiff is thus owed $4,944.00 in compensatory damages (412 overtime hours x 8 dollars per hour x 1.5 time and a half).

### c. Plaintiff Is Entitled to Damages From The Defendant

Plaintiff is entitled to an award of damages for the "total amount of overtime compensation to which she was entitled that Defendants did not pay her." *Bell v. Able Sec. & Investigations Inc.*, 2011 WL 2550846, at *2 (N.D. Tex. June 28, 2011). Accordingly, Defendants are liable to Plaintiff in the amount of $4,944.00 in compensatory damages.

In addition to Plaintiff's compensatory damages, the FLSA also "makes an employer liable to an employee for an amount of liquidated damages equal to the amount of unpaid wages for willful violations of the statute." *Id.* (citing 29 U.S.C. § 216(b)).  Moreover, "[u]nder the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Id.* (quoting *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir.1999)) (internal citations omitted).  Here, given that Defendants have not responded to Plaintiff's Complaint or in any way shown that their violations of the FLSA were in good faith, Plaintiff is entitled to liquidated damages equal to the amount of amount of unpaid wages for willful violations of the FLSA in the amount of $4,944.00.  *See id.*  This brings the total amount of damages Plaintiff is owed to $9,888.00.

Finally, the FLSA "authorizes a prevailing party in an FLSA proceeding to recover costs and attorney's fees, and the award of attorney's fees in such a proceeding is mandatory." *Id.* at *3 (citing 29 U.S.C. § 216(b)).  Here, should the Court grant judgment in Plaintiff's favor, Plaintiff will submit a fee petition for her reasonably attorney's fees and costs.

## **CONCLUSION**

For the foregoing reasons, Plaintiff request the Court (i) enter Default Judgment in Plaintiff's favor against Defendant; (ii) assess actual damages against Defendant for the Plaintiff's unpaid overtime compensation in the amount of $4,944.00; (iii) award an additional equal amount of $4,944.00 pursuant to 29 U.S.C. § 216(b); and (iv) enter an award of reasonable attorney's fees, plus costs of the action, to be paid by Defendants pursuant to 29 U.S.C. § 216(b).  This brings the total requested aware to $9,888.00.

//

Dated: January 17, 2017

        Respectfully submitted,

        PLAINTIFF, Debra Hayes

        By */s/ Sergei Lemberg*
        Sergei Lemberg, Esq.
        LEMBERG LAW, L.L.C.
        43 Danbury Road
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        E-mail: slemberg@lemberglaw.com
        *Attorneys for Plaintiff*