UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBRA HAYES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  SA-16-CV-575-XR |
| | § | |
| PRIMAVERA PRIMARY HOME CARE, | § | |
| INC., SANTA MARIA MEDICAL GROUP, | § | |
| INC., AND LA GLORIA HEALTH | § | |
| SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this date, the court considered Plaintiff Debra Hayes' Motion for Entry of Default Judgment (Docket no. 18). After careful consideration, the court will GRANT Plaintiff's motion.

## BACKGROUND

Plaintiff Debra Hayes was employed by Defendants Primavera Primary Home Care, Inc., Santa Maria Medical Group, Inc., and La Gloria Health Services, Inc. from 2012 to May 2016. Docket no. 1 at 1. She claims that she worked as a "caregiver" and spent her time "taking care of client's daily needs like bathing, dressing, preparing food, cleaning, shopping, taking client's [sic] to doctor's appointments and assisting with mail and bill paying." *Id.* at 2. Plaintiff allegedly received $8.00 per hour for her work. Docket no. 18-1 at 4. Plaintiff further claims that she often worked in excess of forty hours per week, working between one hundred to one hundred and twelve hours in a two-week pay period. Docket no. 1 at 2; Docket no. 18-1 at 2.

Plaintiff filed this suit alleging violations of the Fair Labor Standards Act. Docket no. 1 at 1. Plaintiff alleges "Defendants knew, or had reason to know that Plaintiff spent all of her time

1

performing non-exempt work, and Defendants knew or had reason to know that Plaintiff regularly worked more than forty (40) hours per week," and yet Defendants did not pay Plaintiff "time-and-a-half" as required by 29 U.S.C. § 207 of the FLSA. Docket no. 18-1 at 2; Docket no. 1 at 3.

On June 21, the clerk issued summons as to Defendants Primavera Primary Home Care, Inc., Santa Maria Medical Group, Inc., and La Gloria Health Services, Inc. Docket nos. 4, 5, 6. Service was effectuated on June 30 by personal delivery. Docket nos. 11, 12, 13. The summonses were accepted at the Defendants' business address by Brandon Oehike, who is of suitable age and discretion and is authorized to accept the summons on behalf of the Defendants. *Id.* Since then, Defendants have neither answered nor made any other appearances before this court. On September 9, Plaintiff moved for entry of default, default judgment, and award of damages; the clerk entered default later that day. Docket no. 14; Docket no. 15. Now before the court are requests for default judgment and award of damages. Docket no. 18.

## DISCUSSION

### I. Standard of Review

Rule 55(a) provides that a default judgment is proper "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In considering any motion for default judgment, the court must examine (1) jurisdiction, (2) liability, and (3) the relief requested because parties are not "entitled to a default judgement as a matter of right." *Gather v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996); *see generally Wooten v. McDonnald Transit Assocs, Inc.*, 788 F.3d 490 (5th Cir. 2015) (holding default judgment was proper where the complaint was well-pleaded and indicated liability, that the court had jurisdiction, and that plaintiff was entitled to the relief awarded).

## II. Analysis

### A. Jurisdiction

Federal question jurisdiction extends to a well-pleaded complaint, which establishes federal law is the source of the cause of action. 28 U.S.C. § 1331. Thus, this court has subject matter over claims arising out of the Fair Labor Standards Act 29 U.S.C. §§ 201 et. seq. *Id.*

The court finds that it has personal jurisdiction over Defendants Primavera Primary Home Care, Inc., Santa Maria Medical Group, Inc., and La Gloria Health Services, Inc. because all three corporations maintain "various residential locations throughout Texas." Docket no. 1 at 2 (explaining that Plaintiff was employed at these locations during the timeframe in question).

Finally, the court finds that Defendants, all three of which are corporations, have each been properly served with this lawsuit. FED. R. CIV. P. 4(h)(1). A corporation has been properly served where the summons is delivered to an officer, a managing or general agent, or any other agent authorized to receive service of process. FED. R. CIV. P. 4(h)(1)(B). The court requires an affidavit from the server as proof of service. FED. R. CIV. P. 4(l)(1). Here, service was personally delivered to Defendants at their business address, and was accepted by Brandon Oehike, who is authorized to accept service on behalf of each defendant. Docket nos. 11, 12, 13 (affidavits of service).

For these reasons, the court has subject matter jurisdiction over this case and personal jurisdiction over the parties.

### B. Liability

All well-pleaded allegations of fact related to liability are deemed admitted in default judgment. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Though the court must accept these facts as true, the default alone does not warrant entry

of default judgment; the court must still determine whether the facts state a claim upon which relief may be granted under Rule 12(b)(6). *Nishimatsu*, 515 F.2d at 1206; *see also Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (holding that default judgment was improper on claims that were barred or subject to dismissal under Fed. R. Civ. P. 12(b)(6)). Thus, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Plaintiff alleges that Defendants violated the Fair Labor Standards Act. Docket no. 1. Specifically, Plaintiff claims that she is entitled to "time-and-a-half" pay for the hours she worked in excess of forty per week for the four years she was employed by Defendants. *Id.* at 2.

The FLSA requires employers to pay overtime compensation to "employees who work more than forty hours during a workweek unless such employees are [exempt]." *Bondy v. City of Dallas*, 77 F. App'x. 731, 732 (5th Cir. 2003) (discussing examples of exempt employees such as those performing strictly administrative tasks). Overtime compensation is defined as "a rate not less than one and one-half times the regular rate at which [plaintiff] is employed." 29 U.S.C. § 207(a)(1). To succeed on an FLSA claim, a plaintiff must show that: (1) plaintiff was employed by defendant(s); (2) in plaintiff's work for the defendant(s), plaintiff was engaged in "an enterprise covered by the FLSA"; and (3) defendant failed to pay plaintiff overtime pay for all hours worked in excess of forty hours for one or more work week. *Oroczo v. Plackis*, 757 F.3d 445, 447 (5th Cir. 2014). According to 29 U.S.C. §203(g), "employ" means to "suffer or permit to work," meaning that an alleged employee spent time performing a principal activity for the

benefit of the alleged employer. *See Blair v. Willis*, 420 F.3d 823, 829 (8th Cir. 2005) (affirming the dismissal of the plaintiff's claims where he was not "employed" within the meaning of the FLSA).

In the present case, Plaintiff pled facts sufficient to establish that she was employed by Defendants. Plaintiff claims that she was employed by Defendants to perform tasks for clients in furtherance of Defendants' home care business in exchange for payment. Docket no. 1 at 2. Further, home care and health services, such as those Plaintiff provided through her employment, constitute enterprises covered by the FLSA. *Id.*; 29 U.S.C. § 203(r)(2). Plaintiff also pled facts establishing that she worked more than forty hours a week, and was not properly compensated for her overtime. *See* Docket no. 18-2, Exhibit A (Plaintiff's pay stubs verifying that she was paid only $8.00 per hour, rather than $12.00, for each overtime hour).

Plaintiff claims that she is not an "exempt employee," as her duties were not managerial, administrative, or supervisory. Docket 18-1 at 2. Under the FLSA employees who spend more than fifty percent of their work time performing executive or administrative tasks are exempt from overtime compensation provisions. *Smith v. Jackson*, 954 F.2d 296, 298 (5th Cir. 1992) (citing 29 U.S.C. §213(a)(1)). "Exemptions are to be narrowly construed," and employers bear the burden of proving exemption. *Id.* An executive employee is an employee "whose primary duty consists of the management[1] of the enterprise in which the employee is employed . . . and [who regularly directs] the work of two or more employees." *Id.* (citing 29 C.F.R. § 541.1). An administrative employee's duties consist of "office or nonmanual work directly related to management policies or general business operations of his employer or his employer's

---

[1] Management duties include "training subordinate employees; directing their work; maintaining work records; evaluating work for the purpose of recommending changes in status; handling employee complaints, grievances, and discipline; planning work; determining techniques used; apportionment of work; and controlling the flow and distribution of materials." *Smith v. Jackson*, 954 F.2d 296, 298 (5th Cir. 1992).

customers." *Id.* (citing 29 C.F.R. § 541.2). Here, Plaintiff was not an exempt employee because she "spent nearly all of her time performing non-exempt work such as taking care of client's daily needs," and because she did not have the authority to hire or fire employees, nor did she "customarily or regularly supervise at least two employees." Docket no. 1 at 2.

This court finds that Plaintiff has sufficiently stated a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). For these reasons, Plaintiff's motion for default judgment on her FLSA claim is granted.

### C. Relief Requested

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Plaintiff seeks the same amount and kinds of damages sought in the complaint. Plaintiff seeks a monetary award in the amount of $9,888 ($4,944 in compensatory damages and an equal amount in liquidated damages) plus costs and attorneys' fees. Docket no. 18-1 at 6.

#### i. Compensatory Damages

Plaintiff seeks compensatory damages in the amount of $4,944. Docket no 18-1 at 5. Plaintiff calculated the total number of overtime hours she worked over the four year period (412),[2] multiplied the hours by her normal pay rate of $8.00 per hour, and multiplied that amount by 1.5 to account for unpaid time-and-a-half. *Id.* However, 29 U.S.C. §216(b) states that Defendants, "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their *unpaid* overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." (emphasis added). Because Plaintiff already

---

[2] Plaintiff provided a chart detailing her overtime hours. Docket no. 18-1 at 5. These hours are broken down by date and paystub number. *Id.* Plaintiff also provides paystub photographs showing that her overtime hours were not "unpaid," but were undercompensated. Docket no. 18-2, Exhibit A. Plaintiff received her normal hourly wage for her overtime hours rather than time-and-a-half. *See id.*

6

received $8.00 per hour for each of the 412 overtime hours she worked, she is only entitled to receive damages in the amount of $4.00 per hour—the difference between what she should have received ($12.00) and her actual compensation ($8.00).[3] Docket no. 18-2, Exhibit A. Therefore, Plaintiff is awarded $1,648 in compensatory damages (412 hours multiplied by $4.00 per hour).

### ii. Liquidated Damages

Plaintiff further seeks liquidated damages in an "additional equal amount." *Id.* at 6; 29 U.S.C. §216(b).  Under the FLSA, "a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Indus. Molding Corp*, 167 F.3d 921, 928 (5th Cir. 1999) (citing *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993)). In other words, courts should award liquidated damages where the employer's FLSA violations were willful. *See Orozco,* 757 F.3d at 447. Even where good faith is proven, the court still has discretion to award liquidated damages. *Nero*, 167 F.3d at 929.

Here, Defendants have not met their burden of showing that their "failure to obey the statute was in good faith." *Id.* at 928. The court finds that Defendants "knew or had reason to know that Plaintiff spent all of her time performing non-exempt work . . . and . . . that Plaintiff regularly worked more than forty (40) hours per week." Docket no. 1 at 3. Therefore, Plaintiff has successfully pled that Defendants' violation of the FLSA was willful and not in good faith. *Id.*; *see Bondy*, 77 F. App'x at 732. Accordingly, liquidated damages in an "additional equal amount" ($1,648) are appropriate. 29 U.S.C. §216(b).

---

[3] *See Bell v. Able Security & Investigations Inc.*, 2011 WL 2550846, **1-2 (N.D. Tex. June 28, 2011) (explaining that the plaintiff was paid for her overtime hours at her normal hourly wage of $11.00; therefore, she was entitled to an additional $5.50 per overtime hour in compensatory damages) .

      **iii.**    **Costs and Attorneys' Fees**

The FLSA also allows courts to award Plaintiff reasonable costs and attorneys' fees. *Medina v. Fed. Janitorial Servs.*, 2013 U.S. Dist. LEXIS 187690, *15 (W. D. Tex. Sept. 24, 2013) (citing 29 U.S.C. §216(b)). However, "[t]he burden rests on the plaintiff to show the reasonableness of the hours billed and, therefore, plaintiff's counsel is also charged with proving that they exercised billing judgment." *Id.* (citing *Salzan v. Delta Concrete Prods, Co.*, 448 F.3d 795, 799 (5th Cir. 2006)). Further, Plaintiff should file a bill of cost accurately describing each expenditure in amount and kind.[4] If Plaintiff wishes to pursue attorney fees and costs, Plaintiff shall file an application in the manner provided under the Local Rule 7(j) and Local Rule 54 within fourteen days of the issuance of judgment.

## CONCLUSION

Plaintiff's motion for default judgment (Docket no. 18) is GRANTED. The court grants a default judgment against all Defendants and grants relief for the Plaintiff's claims of violation of the Fair Labor Standards Act in the amount of $3,296 damages ($1,648 in compensatory damages and $1,648 in liquidated damages). 29 U.S.C. §107. Costs and attorneys' fees will be assessed and awarded upon Plaintiff's submission of the application in the manner provided by the Local Rules. 29 U.S.C. § 216(b); Local Rules CV-7(j), CV-54.

It is so ORDERED.

SIGNED this 10th day of February, 2017.

                                                  XAVIER RODRIGUEZ
                                                  UNITED STATES DISTRICT JUDGE

---

[4] Costs awarded are subject to taxes under 28 U.S.C. §1920.